# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-18-159-D ) |
| DR. JAMES M. FERRIS, M.D., and KATHERINE DOSSEY, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the United States' Motion to Sever Defendants for Trial [Doc. No. 99]. Defendants have filed a joint response in opposition [Doc. No. 100]. The matter is fully briefed and at issue.

## BACKGROUND

Katherine Dossey, a licensed pharmacist, and Dr. James Ferris, a licensed physician ("Defendants"), are charged in a 103-count Indictment with distributing controlled substances outside the usual course of professional medical practice, in violation of 21 U.S.C. § 841(a)(1), and Medicare fraud, in violation of 18 U.S.C. § 1347. [Doc. No. 1]. Although Defendants are not charged with conspiracy, they are charged with the substantive crimes and with aiding and abetting the substantive crimes of each other. *See* 18 U.S.C. § 2. The case is currently set for jury trial on September 17, 2019.

Both Defendants testified under oath before the Oklahoma Medical Board on May 4, 2017, concerning the facts and circumstances surrounding the allegations in the Indictment. The United States asserts that at this hearing both Defendants "made relevant

admissions regarding their own conduct and the conduct of each other." [Doc. No. 99 at 3]. At trial, the United States intends to offer into evidence Defendants' testimony before the Medical Board and statements that Defendants made to investigators. To avoid creating a Sixth Amendment violation under *Bruton v. United States*, 391 U.S. 123 (1968), and *Crawford v. Washington*, 541 U.S. 36 (2004), the United States has moved to sever the trial of Defendants.

Defendants have responded in opposition advising that they desire a joint trial for strategic purposes, and that they will waive any appellate issue under *Bruton*. Defendants advised that they would file a written waiver, in the event the Court requires one. Defendants also stated their intention to offer the testimony of each Defendant from the Medical Board hearing as evidence at trial even if the trials are separate.

## DISCUSSION

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him …." U.S. CONST. amend. VI. "[T]he right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him." *Bruton*, 391 U.S. at 126. In fact, "a major reason underlying the constitutional confrontation rule is to give a defendant charged with [a] crime an opportunity to cross-examine the witnesses against him." *Id.* (internal quotation marks and citation omitted).

In *Bruton*, during a joint trial, the trial court admitted a non-testifying co-defendant's confession which implicated both defendants. *Id.* at 124. The trial court instructed the jury that the statement could only be used against the defendant who made

the statement, and that it must be disregarded as to the co-defendant. *Id*. at 136. The Supreme Court held that the admission of the co-defendant's statement was a prejudicial error, and that a limiting instruction could not cure the error. *Id.* at 137.

In *Crawford*, the Supreme Court held that out-of-court statements that are testimonial are barred under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable. *Crawford*, 541 U.S. at 55-59. However, constitutional rights can be and are often waived by defendants. For example, the Fifth Amendment right to silence and the Sixth Amendment right to counsel can be waived. The right to a trial by jury is commonly waived, as is the right to a speedy trial or to a grand jury indictment. Conflicts with counsel can also be waived.

The Sixth Amendment right of confrontation is no different. "[C]ounsel in a criminal case may waive a client's Sixth Amendment right of confrontation by opening the door, so long as the defendant does not dissent from his attorney's decision and so long as it can be said that the attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." *United States v. Lopez-Medina*, 596 F.3d 716, 731 (10th Cir. 2010) (internal quotation marks and citation omitted).

There is, however, "a presumption against the waiver of constitutional rights." *Brookhart v. Janis*, 384 U.S. 1, 4 (1966). "[F]or a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.'" *Id*. (*quoting Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The Tenth Circuit in *Lopez-Medina* examined the confrontation waiver in the context of *Crawford*:

3

> Prior to *Crawford*, we held there was "no doubt" a defendant could waive his rights under the Confrontation Clause. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1154 (10th Cir. 1999).… The parties do not argue *Crawford* changed this rule. "[B]ecause there is a presumption against the waiver of constitutional rights, for a waiver to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." *Hawkins*, 185 F.3d at 1154 (quotations and citation omitted). That standard is satisfied here.

*Lopez-Medina*, 596 F.3d at 731 (internal citations omitted).

The Eastern District of Michigan recently addressed waiver of a *Bruton* issue in *United States v. Putman*, Case No. CR-18-20133, 2018 WL 4333970, at *4-5 (E.D. Mich. Sept. 11, 2018). The government in *Putman* was opposed to joining the defendants' trials based on its contention that a *Bruton* issue might arise. *Id*. at 4. The trial court directed the defendant to file a written waiver reflecting the intent to waive any *Bruton* objection. *Id*. at 5. The trial court in *Putman* also advised that the waiver should explain the nature of the objection and why the defendant chose to waive the objection. *Id.* Further, the trial court stated that a hearing would be held where the defendant would be questioned about the waiver on the record. *Id.*

Based on defense counsel's representations, it appears Defendants intend to waive their constitutional right of confrontation in connection with the confrontation issues anticipated by the government. The Court will reserve ruling on the United States' motion to sever pending written waivers signed by Defendants and their counsel. The waiver should explain the nature of the potential *Bruton* and *Crawford* objection and why Defendants choose to waive the objection and their constitutional right of confrontation. It is not necessary for Defendants to divulge trial strategy in their waiver. Rather, Defendants

can refer to trial strategy in general terms. Any such waiver, if Defendants choose to do so, should be filed with the Court on or before August 30, 2019.

## CONCLUSION

Accordingly, the United States' Motion to Sever Defendants for Trial [Doc. No. 99] is RESERVED, as set forth herein.

**IT IS SO ORDERED** this 26th day of August 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge