# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CR-18-159-D |
| DR. JAMES M. FERRIS, M.D., and KATHERINE DOSSEY, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant James Ferris' Motion in Limine Re: Administrative Proceedings [Doc. No. 72]. The United States has responded [Doc. No. 74]. The matter is fully briefed and at issue.

## BACKGROUND

Dr. Ferris is charged in a 103-count Indictment with distributing controlled substances outside the usual course of professional medical practice, in violation of 21 U.S.C. § 841(a)(1), and Medicare fraud, in violation of 18 U.S.C. § 1347. [Doc. No. 1]. Dr. Ferris, a licensed physician, was a salaried employee of Physicians at Home ("PAH"), a home health care company located in Wellston, Oklahoma. PAH was owned and operated by Sherry Isbell.[1] Dr. Ferris also practiced medicine at Mid-Oklahoma Medical Access Clinic ("MOMAC") in Wellston. MOMAC was also owned and operated by Isbell. Defendant Katherine Dossey, a licensed pharmacist, owned and operated Wellston Clinic

---

[1] Isbell pled guilty on July 30, 2019 to a Superseding Information charging one count of Medicare fraud. [Doc. Nos. 88, 90-95].

Pharmacy, which was in the same building as MOMAC. Dossey owned the building that housed the Wellston Clinic Pharmacy and MOMAC.

To summarize, the Indictment alleges that in early 2015, Isbell and Dossey agreed that Wellston Clinic Pharmacy would fill prescriptions for Schedule II controlled substances and deliver them to the homes of PAH patients. By September 1, 2015, and continuing through December 9, 2015, Isbell, Dossey, and Dr. Ferris agreed that Isbell would give Dossey access to the electronic medical records of PAH patients. Dossey would then use the records to determine what Schedule II drugs Dr. Ferris had previously prescribed to the patients.

Dr. Ferris allegedly signed stacks of blank prescription pads and gave them to Dossey. A few days before a prescription was due to run out, Dossey would write in the prescription on the blank prescription page that Dr. Ferris had pre-signed. Dossey would then fill the prescription and have it delivered to the patient's home. Dossey, in turn, submitted the claims to Medicare for reimbursement.

On May 4, 2017, the Oklahoma Medical Board ("Medical Board") conducted a disciplinary hearing of Dr. Ferris based on the same allegations set forth in the Indictment. Dr. Ferris testified under oath at the hearing. The Medical Board suspended Dr. Ferris' medical license for 30 days, ordered him to pay a $5,000 fine, and required him to attend two continuing education classes.

Dr. Ferris seeks to exclude at trial evidence of the Medical Board proceedings, including the outcome, and his testimony at the Medical Board hearing. Dr. Ferris contends that such evidence is irrelevant, confusing, and is substantially more prejudicial than

probative. The United States contends that such evidence is relevant, that its probative value substantially outweighs any risk of misleading the jury, and that any confusion could be cured with a limiting instruction.

## STANDARD OF DECISION

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to mange the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) (*quoting Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). "Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). Further, "the district court may change its ruling at any time for whatever reason it deems

appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds …. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

Under FED. R. EVID. 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." "Irrelevant evidence is not admissible." FED. R. EVID. 402. A matter of consequence in this case is whether Dr. Ferris prescribed Schedule II controlled substances outside the usual course of medical practice or without a legitimate medical purpose. *See United States v. Nelson*, 383 F.3d 1227, 1231-1232 (10th Cir. 2004) ("A practitioner has unlawfully distributed a controlled substance if she prescribes the substance either outside the usual course of medical practice or without a legitimate medical purpose."); *see also* 21 C.F.R. § 1306.04(a); *United States v. Moore*, 423 U.S. 122, 124 (1975) ("[R]egistered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice."). Thus, a finding by the Medical Board, assuming such a finding was made, that Dr. Ferris prescribed scheduled drugs outside the usual course of professional practice would be relevant to the charges under 21 U.S.C. § 841(a)(1).[2] *See, e.g., United States v. Phung*, 384 Fed. Appx. 787, 792 (10th Cir.

---

[2] The Medical Board's findings are not of record before the Court.

June 29, 2010) (unpublished)[3] (the medical review board's finding that the defendant "dispensed narcotic drugs without medical need is obviously relevant to the charges under 21 U.S.C. § 841(a)(1)").

However, relevant evidence is not necessarily admissible. Under FED. R. EVID. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). To be unfairly prejudicial, the evidence must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FED. R. EVID. 403 advisory committee's note.

Dr. Ferris is correct that this evidence could carry the potential for prejudice or confusion of the issues. "Whenever an administrative body makes a finding that is closely related to the ultimate question put to the jury, there is a danger that jurors may simply defer to the administrative body." *Phung*, 384 Fed. Appx. at 792. That danger could be mitigated by a limiting instruction that explains that an administrative hearing has different rules of evidence and a lower burden of proof, and informs the jury that they are free to reject the board's findings. *Id*. at 792-793 (finding that the court's limiting instruction substantially mitigated any danger where the government did not linger on the issue).

---

[3] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

Here, it is not clear what specific evidence from the Medical Board hearing the United States intends to introduce at trial. None of the purported evidence is attached to the parties' pleadings. Thus, the Court is unable to rule in advance of trial whether that evidence can be categorically admitted. Indeed, the Court can anticipate instances where some of that evidence could be unfairly prejudicial.[4] The parties are cautioned to alert the Court prior to the presentation of such evidence so that a ruling can be made outside of the hearing of the jury.

Admission of Dr. Ferris' testimony from the Medical Board hearing warrants a separate discussion. Although the use of prior testimony does not necessarily violate a defendant's Fifth Amendment right against self-incrimination, it does not follow that Dr. Ferris' prior testimony is automatically admissible in its entirety. *United States v. Toombs*, 713 F.3d 1273, 1279 (10th Cir. 2013). For example, it must satisfy the standards of relevance and materiality. *Id*. Such evidence must be more probative than prejudicial and must meet a hearsay exception to be admissible. *Id*. Thus, the Court must evaluate Dr. Ferris' testimony under the Federal Rules of Evidence before admitting it into evidence.[5]

---

[4] The Court invites the parties to draft a limiting instruction concerning the burden of proof utilized in the Medical Board proceeding compared to the burden of proof in the instant proceedings. For guidance, the Court would point the parties to *United States v. Can D. Phung, M.D.*, Case No. CR-08-131-M (W.D. Okla.).

[5] The Court disagrees with Dr. Ferris' assertion that a *Jackson v. Denno* hearing is applicable here. [Doc. No. 72 at n. 1]. Dr. Ferris' testimony before the Medical Board was made voluntarily and under oath in the presence of his counsel. *See Jackson v. Denno*, 378 U.S. 368, 380 (1964) (a defendant objecting to the admission of an involuntary confession made to law enforcement is entitled to a fair hearing).

*Id.* Accordingly, the parties are cautioned to alert the Court prior to the presentation of such evidence so that a ruling can be made outside the presence of the jury.

## CONCLUSION

Defendant James Ferris' Motion in Limine Re: Administrative Proceedings [Doc. No. 72] is RESERVED, as set forth herein.

**IT IS SO ORDERED** this 30th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge